266 P.2d 356

**CITY OF TRUTH OR CONSEQUENCES**

v.

**ROBINSON, Atty. Gen.**

No. 5730.

Supreme Court of New Mexico.

Jan. 27, 1954.

Catron & Catron, Santa Fe, for petitioner.

Richard H. Robinson, Atty. Gen., C. C. McCulloh, Asst. Atty. Gen., W. R. Kegel, Asst. Atty. Gen., for respondent.

LUJAN, Justice.

This is an original proceeding in this court by the City of Truth or Consequences for a writ of mandamus, compelling the Attorney General, to approve, as required by law, certain municipal bonds amounting to $75,000, for recreational purposes.

The Attorney General has declared and refused to approve the purchase of said bonds for the reason and on the ground that the amount of said bonds, if issued, when added to the amount of outstanding general obligation bonds of the city, including outstanding water refunding and sewer disposal bonds, would exceed the 4 per cent. limitation prescribed by Section 13 of Article 9 of the New Mexico Constitution.

The undisputed facts are as follows:

The City of Truth or Consequences submitted to the voters the proposition of issuing $75,000 in general obligation bonds for recreational purposes on April 1, 1952. The bond issue was approved. For the year 1953 the assessed valuation of the city was $5,075,418, 4 per cent. of which would be $203,016.72. As of March 3, 1953, the outstanding bonded indebtedness of the city was: $3,000 for playground bonds and $241,500 for water refunding and sewer

disposal bonds, or $41,483.28 over and above the 4 per cent. limitation provided for by the Constitution.

Article 9, § 13 of the New Mexico Constitution, provides:

"(County and municipal debt limit— Exceptions.)—No county, city, town or village shall ever become indebted to an amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property within such county, city, town or village, as shown by the last preceding assessment for state or county taxes; and all bonds or obligations issued in excess of such amount shall be void; provided, that any city, town or village may contract debts in excess of such limitation for the construction or purchase of a system for supplying water, or of a sewer system, for such city, town or village."

The only question presented is whether the bonded indebtedness to the amount of $241,500 which was contracted for the payment of water refunding and sewer disposal bonds is to be included in determining what is the 4 per cent. limit of said city's indebtedness.

Respondent contends that the proviso relates to and is limited by the preceding portion of the above section of the Constitution, and that the $241,500 indebtedness should be included in arriving at the amount of said indebtedness. On the other hand the petitioner claims that the proviso is an addition to the preceding portion of the section, and that bonded indebtedness for waterworks and sewer disposal system should be excluded in determining the actual indebtedness of the city.

The provision contained in Section 13 of Article 9, supra, immediately preceding the proviso constitutes a limitation or restriction upon the power of any municipality to "become indebted to an amount in the aggregate, including existing indebtedness, exceeding four per centum on the value of the taxable property within such * * * city". This is a general restriction upon the debt creating powers and prevents the municipality from incurring indebtedness beyond the 4 per centum of its assessed valuation. If the framers of the Constitution had stopped there, and made no further provision upon this subject, then there would be no difficulty of construction, because it would be apparent that the 4 per cent. limit would include all debts, those existing as well as those to be created. However, they added the clause in the form of a proviso, "that any city, town or village may contract debts *in excess* of such limitation for the construction or purchase of a system for supplying water, or of a sewer system, * * *."

In determining the question here involved which relates only to the 4 per

cent. limitation of Article 9, § 13 of the Constitution, we adopt the language in Lanigan v. Town of Gallup, 17 N.M. 627, 131 P. 997, 1001, in so far as it determines the relationship between the proviso and such 4 per cent. limitation. The court, speaking through Chief Justice Roberts, said:

"The rules which courts must observe in construing legislative enactments apply equally to constitutional provisions. Every statute or constitutional provision must be construed with reference to the object intended to be accomplished by it, and as already said, in order to ascertain this object, it is proper to consider the occasion and necessity for this enactment. If the purpose and well-ascertained object of a statute or constitutional provision is inconsistent with the precise words, the latter must yield to the controlling influence of the will of the lawmaking power, resulting from the whole act or the entire Constitution. (Citing cases.)

"While it is true the proviso regarding indebtedness contracted for supplying water for municipalities appears at the end of section 13 of article 9, in order to carry out the manifest intention of the framers of the Constitution, as we find it to be from a consideration of both sections 12 and 13 of said article, we must hold that the proviso is, in effect, an independent provision, and that neither the limitation contained in section 12, limiting the amount of the tax levy, nor the limitation contained in section 13, limiting the amount to which a municipality may become indebted, affect the debt-contracting power of a municipality with regard to indebtedness incurred for supplying water for the municipality.

"While the operation of a proviso is usually and properly confined to the clause or provision immediately preceding, yet, where necessary to effectuate the intent of the lawmaking power, it will be considered as applying also to other preceding or subsequent section, or to the entire act or provisions in *pari materia.* * * *

"New Mexico is an arid state, and the greatest problem which confronts cities, towns, and villages is the procuring of an ample supply of pure water. In many instances it is necessary to conduct the water supply through pipes from the mountain streams for many miles, and the cost is necessarily enormous. The states in the arid regions, almost without exception, have no constitutional limitation upon the amount of indebtedness which may be incurred for this purpose, and the framers of

the Constitution of New Mexico, familiar as they were with the conditions in the state, and the necessity which existed for an unlimited right to issue bonds and incur indebtedness for the purpose of providing a water supply, attempted, by the proviso to section 13, to exempt the amount of such indebtedness from the restrictions and limitations which they had imposed upon indebtedness for other purposes. Likewise, they realized that for the health of the community it was necessary that the sewerage should be disposed of, and they included in the same category with a water supply sewer systems.

\*     \*     \*     \*     \*     \*

"To limit the proviso to that portion of section 13 which precedes it leaves it without any practical or serving purpose and effect. When we consider the conditions prevailing in New Mexico, the necessity that exists for an ample supply of pure water for municipalities, the cost of procuring such supply, the assessed valuation of property in the cities and towns of the state, the amount of bonds which could be issued, were the 12-mill levy limitation to apply, it is apparent that it would be an absurdity for the Constitution makers to say that cities, towns, and villages could issue bonds in excess of 4 per cent. of the taxable property

within such municipality, or without limit as to amount, with the evident design and purpose of enabling such municipalities to issue bonds in such an amount as would be requisite to provide a water supply, and then to place upon such issue an even more effectual limitation by providing that such bonds could not be issued beyond an amount which could be discharged, \* \* \*.

\*     \*     \*     \*     \*     \*

"It is thus manifest that it was the intention of the framers of the Constitution that no restraints should be laid on municipalities in their efforts to procure a water supply, by either the purchase or construction of systems for such purpose, or of sewer systems. \* \* \*"

The respondent attempts to avoid the holding of the court on the point here involved in the Lanigan case by saying it was obiter dictum, in that the only question in that case was whether the constitutional provisions for bond issues by municipalities were self-executing. The Court held they were not and that a legislative act was necessary before bonds would be issued and sold, and the Town of Gallup was thereby frustrated in its attempt to issue and sell its bonds. The author of the opinion and the late Mr. Justice Parker, who participated therein, were both members of

the constitutional convention, and it may well be they sensed it their duty to advise the municipalities of the state as to what they could do under the applicable constitutional provisions, to the end that no municipality in the state might again be needlessly frustrated in its efforts to issue bonds within the constitutional powers. Even granting the contention of the respondent that such holding was obiter dictum we have since recognized and followed such decision on related points in Seward v. Bowers, 37 N.M. 385, 24 P.2d 253; City of Albuquerque v. Water Supply Co., 24 N.M. 368, 174 P. 217, 5 A.L.R. 519; and Henning v. Town of Hot Springs, 44 N.M. 321, 102 P.2d 25, and we consider its holding sound and will follow it.

We hold, therefore, that water and sewer bonds are not to be considered in computing the amount of bonds which may be issued for other purposes by municipalities in this state.

Because of the conflicting opinions on the point rendered by certain predecessors in office of the respondent, it is well that he secured a decision of this court on the matters here involved.

The alternative writ will be made absolute, and

It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and SEYMOUR, JJ., concur.